IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MISSOURI

In re:                           )
                                 )   Case No. 16-41485-705
Margo Leach                      )
                                 )   Chapter 7
        Debtor.                  )

## DEBTOR'S MOTION FOR CONTEMPT AND MOTION FOR AN ORDER TO SHOW CAUSE WHY A BENCH WARRANT SHOULD NOT ISSUE

Comes now Debtor and for her Motion states:

Prior to filing the instant Case, in August 2015 the Debtor had retained Dean D. Meriwether, an attorney previously affiliated with Critique Services, to file a chapter 7 bankruptcy. She paid Critique Services and/or Meriwether the total sum of $684.00.

On December 7, 2015, Meriwether was suspended from practicing before this Court. Meriwether had not filed the Debtor's bankruptcy case prior to his suspension. As a result of his suspension, Meriwether was unable to render legal services to the Debtor in connection with her need for bankruptcy relief.

In January 2016 the Debtor sought a refund from the Critique Services Business for the $684.00 in fees she had paid for representation by Meriwether. She never received a refund.

Debtor obtained legal representation from, and is now represented by, current counsel. The Debtor filed the instant Case on March 7, 2016.

On April 6, 2016, the Debtor filed a Motion to Disgorge, seeking disgorgement pursuant to 11 U.S.C. § 329(b) of the $684.00 she paid to the Critique Services Business. She sought disgorgement from Meriwether and Critique Services L.L.C., through which the Critique Services Business is operated. Both Meriwether and Critique Services L.L.C. were served with a copy of the Motion to Disgorge. No response to the Motion to Disgorge was filed.

On April 29, 2016, this Court entered an Order granting the Motion to

Disgorge, directing that disgorgement of the $684.00 be made. The Order was not appealed. Counsel has contacted the attorney representing Critique Services on several occasions regarding this matter. However, disgorgement still has not been made.

Debtor's counsel has now been forced to incur additional time and expense to enforce this Court's Order.

WHEREFORE, the Debtor is requesting that this Court enter an Order for Contempt and an Order to Show Cause against Meriwether and Critique Services L.L.C. within ten (10) days as to why the Court should not issue a bench warrant for the attachment of the bodies and arrest of Dean D. Meriwether and Beverly Holmes Diltz (the sole owner and operator of Critique Services L.L.C.), so that each may be brought before the Court to address the issue of their non-compliance with their obligation to disgorge the fees to the Debtor. Debtor further requests an Order allowing her the sum of $500.00 as and for her attorney's fees for the filing of this Motion.

Respectfully Submitted,

s/ Kimber H. Baro
Attorney for Debtor
1605 N. Lindbergh Blvd
Florissant, MO 63031
Tel: (314) 896-1999
Fax: (314) 942-7195
Email: kbaro@barolawfirm.com

## CERTIFICATE OF SERVICE

A copy of the foregoing was sent to the Trustee by ECF and mailed, postage prepaid, on September 27, 2016 to:

Stuart Radloff
Chapter 7 Trustee
13321 N. Outer 40 Road

Suite 800
St. Louis, MO 63017

Dean Meriwether
700 Ridgeside Drive D
Ballwin, MO 63021


Critique Services L.L.C.
3919 Washington Blvd.
 St. Louis, Missouri 63108

Laurence Mass
Counsel to Critique Services L.L.C
230 S Bemiston Avenue
 Suite 1200
 Clayton, MO 63105

                                                    /s/ Kimber H. Baro